# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNTIED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>DYLAN OLIVER ATCHAK,<br><br>                Defendant. | Case No. 3:23-cr-00042-SLG-KFR-1 |

## ORDER RE MOTION TO SUPPRESS EVIDENCE

Before the Court at Docket 19 is Defendant Dylan Atchak's Motion to Suppress Evidence. Mr. Atchak requested an evidentiary hearing in his motion. The Government responded in opposition at Docket 23.

## BACKGROUND

On June 22, 2022, around 2:25 a.m., two Anchorage police officers, Officers Raygor and Mayes, were conducting an unrelated investigation on Taku Drive in Anchorage, Alaska, when they heard three gunshots that were northwest of their location and "relatively close by."[1] About three minutes later, they heard two more gunshots "very close to where [they] were standing, as if they were coming from the trail directly to the west" of where they were.[2] "Just seconds later," the officers observed three individuals approaching Taku Drive from the trail, which is at the

---

[1] Docket 19-2 at 2.

[2] Docket 19-2 at 2.

southern edge of the McCarrey Street overpass.[3] Two more officers, Officers Kline and Sears, arrived at McCarrey Street overpass; when they arrived, they spoke briefly with a nearby female who stated that she had heard gunshots but did not know where they came from.[4] Officers Kline and Sears then saw two females and one male walking on the trail to the south of the overpass.[5] When they asked the three people to stop, the two females complied, but the male—later identified as Mr. Atchak—"did not stop even after being told to do so several times."[6] As Mr. Atchak walked away, another patrol car rounded the corner, and he began walking in the opposite direction, "trying to get away from all Officers on scene."[7]

All four officers then approached Mr. Atchak in a nearby parking lot and repeatedly told him to put his hands above his head and issued less lethal warnings, advising him that he could be injured if he did not comply.[8] It appears that two officers drew their handguns in the guard position, while another officer drew her taser, as they approached Mr. Atchak.[9] Mr. Atchak "would only half-

---

[3] Docket 19-2 at 2, 4.

[4] Docket 19-2 at 7; Docket 23-1 at 00:40-00:45 (filed conventionally).

[5] Docket 19-2 at 7.

[6] Docket 19-2 at 10.

[7] Docket 19-2 at 10.

[8] Docket 19-2 at 2, 10.

[9] Docket 19-2 at 5, 7, 10. It appears from the video footage that the "guard" position involves the officer drawing the handgun, holding the handgun close to their body, and keeping the gun pointed down at the ground. *See* Docket 23-3 at 00:24-00:30.

Case No. 3:23-cr-00042-SLG-KFR-1
Order re Motion to Suppress Evidence
Page 2 of 7
Case 3:23-cr-00042-SLG-KFR   Document 25   Filed 09/06/23   Page 2 of 7

comply with instructions, as he would repeatedly put his hands down and hold them near his waist."[10] At least two of the officers could tell that there was a handgun concealed in Mr. Atchak's right jacket pocket, "which had a visible outline of a handgun handle and slide."[11] Eventually, Mr. Atchak placed his hands on top of his head, and after placing him in handcuffs, the police officers retrieved a handgun with two rounds of ammunition in it from his right jacket pocket.[12]

## LEGAL STANDARD

The Fourth Amendment protects people from unreasonable searches and seizures by the government, and it "permits brief investigative stops . . . when a law enforcement officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'"[13] "The 'reasonable suspicion' necessary to justify such a stop 'is dependent upon both the content of information possessed by police and its degree of reliability.'"[14] The standard takes into account the totality of the circumstances, and while a mere "hunch" is not enough, the reasonable suspicion standard is "'considerably less than proof of wrongdoing

---

[10] Docket 19-2 at 2.

[11] Docket 19-2 at 2, 5.

[12] Docket 19-2 at 5.

[13] U.S. Const. amend. IV; *Navarette v. California*, 572 U.S. 393, 396 (2014) (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)).

[14] *Navarette*, 572 U.S. at 397 (quoting *Alabama v. White*, 496 U.S. 325, 330 (1990)).

Case No. 3:23-cr-00042-SLG-KFR-1
Order re Motion to Suppress Evidence
Page 3 of 7
Case 3:23-cr-00042-SLG-KFR   Document 25   Filed 09/06/23   Page 3 of 7

by a preponderance of the evidence,' and 'obviously less' than is necessary for probable cause."[15]

## DISCUSSION

As a preliminary matter, Mr. Atchak requested an evidentiary hearing.[16] However, "[a]n evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."[17] Mr. Atchak does not appear to raise any factual disputes; rather, he disputes that the alleged facts rise to the level of reasonable suspicion.[18] Accordingly, the Court denies the request for an evidentiary hearing.

Mr. Atchak asserts that, in his case, there "was no information to connect [him] to the gunshots other than his presence in the general area which an unknown number of people also occupied at the same time."[19] He contends that "no one observed the shooter, there was no indication the shooter was still in the area . . . , [and] the shots could have easily come from someone inside . . . a

---

[15] *Navarette*, 572 U.S. at 397 (first quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968); and then quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)).

[16] Docket 19 at 1.

[17] *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (citations omitted). A district court's decision on whether to conduct an evidentiary hearing on a motion to suppress is reviewed for an abuse of discretion. *Id.*

[18] *See* Docket 19 at 3-6.

[19] Docket 19 at 5.

Case No. 3:23-cr-00042-SLG-KFR-1
Order re Motion to Suppress Evidence
Page 4 of 7
Case 3:23-cr-00042-SLG-KFR   Document 25   Filed 09/06/23   Page 4 of 7

vehicle."[20] With regards to him walking away from the officers, he asserts that "[r]efusal to cooperate with police does not furnish the objective justification required for a stop."[21] Mr. Atchak maintains that his "attempt to go about his business in the general area in which shots had been heard is insufficient to establish reasonable suspicion."[22] For those reasons, Mr. Atchak contends that the gun and associated ammunition that were recovered pursuant to the investigative stop and search, should be suppressed.[23]

The Government contends that the facts surrounding the stop do rise to the level of reasonable suspicion. They assert five reasons for this: (1) the officers had personal knowledge of where the five gunshots were fired; (2) Mr. Atchak was walking in that exact same area immediately after the shots were fired; (3) Mr. Atchak started walking away from the officers as soon as he saw them; (4) Mr. Atchak changed directions again when he saw more officers; and (5) only Mr. Atchak, of the four pedestrians the officers encountered, was uncooperative and evasive.[24]

Given the facts in this case, the Court finds that the police officers had reasonable suspicion to conduct an investigative stop on Mr. Atchak. As the

---

[20] Docket 19 at 5.

[21] Docket 19 at 5.

[22] Docket 19 at 6.

[23] Docket 19 at 6.

[24] Docket 23 at 5-6.

Case No. 3:23-cr-00042-SLG-KFR-1
Order re Motion to Suppress Evidence
Page 5 of 7
Case 3:23-cr-00042-SLG-KFR   Document 25   Filed 09/06/23   Page 5 of 7

Government points out, the Ninth Circuit held in *United States v. Basher* that officers had reasonable suspicion to investigate gunfire from the defendant's campsite, although the officers did not know where the firing came from until after talking to witnesses.[25] In the instant case, it was the officers themselves who heard where the gunshots were coming from. And it was "[j]ust seconds later" that the same officers observed three individuals exiting the trail in the direction from which they had heard the gunshots.[26]

While Mr. Atchak is correct that "refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure,"[27] there are other facts here that indicate the police had reasonable suspicion to stop Mr. Atchak. For example, "[n]ervous, evasive behavior is another pertinent factor in determining reasonable suspicion,"[28] and Mr. Atchak displayed that behavior when he tried to avoid two sets of police officers.[29] Furthermore, the incident occurred around 2:30 a.m., and apart from the four individuals stopped by the police, there did not appear to be any other people outside according to the reports and video footage.[30] As the Government points out, of the four individuals

---

[25] 629 F.3d 1161, 1165-66 (9th Cir. 2011).

[26] Docket 19-2 at 2, 4.

[27] *Florida v. Bostick*, 501 U.S. 429, 437 (1991) (citations omitted); Docket 19 at 5-6.

[28] *Illinois v. Wardlow*, 528 U.S. 119, 119 (2000) (citation omitted).

[29] *See* Docket 19-2 at 2, 10.

[30] *See generally* Docket 19-2; Docket 23-1; Docket 23-2; Docket 23-3.

Case No. 3:23-cr-00042-SLG-KFR-1
Order re Motion to Suppress Evidence
Page 6 of 7
Case 3:23-cr-00042-SLG-KFR   Document 25   Filed 09/06/23   Page 6 of 7

stopped, only Mr. Atchak ignored the police's exhortations to stop. Accordingly, the Court finds that the totality of the circumstances in this case—including the officers' personal knowledge of the gunshots and where they were fired from, the officers' observations immediately afterwards of three individuals walking from the direction of the gunshots, and Mr. Atchak's evasive behavior in the middle of the night—rise to the level of reasonable suspicion.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Mr. Atchak's Motion to Suppress Evidence at Docket 19 is DENIED.

DATED this 6th day of September, 2023, at Anchorage, Alaska.

*/s/SHARON L. GLEASON*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cr-00042-SLG-KFR-1
Order re Motion to Suppress Evidence
Page 7 of 7
Case 3:23-cr-00042-SLG-KFR   Document 25   Filed 09/06/23   Page 7 of 7